IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA** :
:
: **CASE NO.: 1:09-CR-00082-1**
v. :
: **JUDGE SYLVIA H. RAMBO**
:
**JOHN EVERETT** :

## MEMORANDUM and ORDER

Before the court is Defendant's motion for bail pending trial (Doc. 17.)[1] Defendant was ordered detained pending trial by Magistrate Judge J. Andrew Smyser after his initial appearance, arraignment, and detention hearing on May 6, 2009. On June 12, 2009, the court held a hearing on Defendant's motion. At that hearing, Defendant's attorney called as a witness the investigating officer from the State Attorney General's office who testified that at Defendant's state court arraignment she did not object to Defendant being released on bail in exchange for Defendant waiving his preliminary hearing. Defendant testified about his ties to the community, his employment prospects, and his arrest record and prior criminal history. Finally, Defendant presented the testimony of his employer who indicated that Defendant would have work if he were released on bail pending trial.

Defendant argues that he should be released on bail pending trial because he was on bail pending trial on the state charges prior to being indicted and arrested by federal officials. Defendant argues that he gave up substantial

---

[1] Document 17 is actually three motions: a motion to suppress physical evidence; a motion to obtain discovery; and a motion for bail pending trial. On June 8, 2009, the court denied Defendant's motion for discovery referring Defendant's counsel to the court's scheduling order issued May 6, 2009. A hearing on Defendant's motion to suppress is scheduled for July 20, 2009. Nothing in this memorandum and order addresses Defendant's motion to suppress.

constitutional rights by foregoing his preliminary hearing in state court and did so in exchange for the state not fighting his request for bail. Defendant also argues that the court should consider the fact that Defendant complied with all aspects of his state pre-trial release, including submitting to drug testing two times per week, extensive supervision, and the fact that Defendant never failed to appear for any state court proceeding. Finally, Defendant argues that he is not a risk to the community because he has not been convicted of any violent crimes.

For its part, the United States argues that the presumption set forth in 18 U.S.C. § 3142(e)(3) applies to this case, and that Defendant has not overcome the presumption by any evidence submitted either to Magistrate Judge Smyser or to this court. Specifically, the government argues that the court should not place too much weight on the fact that Defendant complied with his state pre-trial services release, and that he appeared at his state court proceedings. They argue that Defendant's likely sentence on state charges would have been 7-14 years if he had been convicted, whereas, the charges before this court carry a 10-year minimum sentence and the guidelines call for a maximum of life in prison. Furthermore, the government argues that Defendant has a significant criminal history, including two drug distribution convictions, that seriously undermine Defendant's contention that he is not a threat to the community. Finally, the government points out that a firearm was recovered as a result of the search of Defendant's residence which further weighs in favor of detention.

After hearing the evidence, the court finds that Defendant did not present sufficient evidence to overcome the presumption set forth in 18 U.S.C.

§ 3142(e)(3). Even excluding those instances where Defendant was arrested but not convicted, Defendant still has a significant criminal history involving drug possession and distribution. Furthermore, while it is clear that Defendant has appeared for all of his state court proceedings, the potential penalty that he faced in those proceedings was substantially lower than that which he faces here. Given Defendant's significant past involvement with drugs and drug distribution, the potential term of imprisonment in this case, and the fact that a firearm was seized from Defendant's residence, the court finds that there is no condition or a combination of conditions of release that will reasonably assure the appearance of Defendant and assure the safety of other persons and the community.

Based on the foregoing, **IT IS HEREBY ORDERED THAT**, Defendant's motion for bail pending trial is **DENIED**. Defendant shall remain in detention in the custody of the Attorney General of the United States pending trial.

s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated: June 12, 2009.