IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA : CRIMINAL NO. 1:CR-09-082
:
:
v. :
:
:
JOHN EVERETT :

# **M E M O R A N D U M**

Before the court is Petitioner John Everett's motion for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2255. The matter has been fully briefed and is ripe for disposition.

Before this court addresses the claims contained in Everett's motion, it must be satisfied that the motion is timely. If the motion is untimely, this court will lack jurisdiction to consider Everett's claims. A habeas petition must be filed **within** one year after "the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1).

> A "judgment of conviction becomes final" within the meaning of § 2255 on the later of (1) the date on which the Supreme Court affirms the conviction and sentence on the merits or denies the defendant's timely filed petition for certiorari, or (2) the date on which the defendant's time for filing a timely petition for certiorari review expires. . . . Accordingly, his judgment of conviction became final within the meaning of § 2255 when his time for filing a petition for a writ of certiorari expired. Thus, the one-year period began to run 90 days from [the Third Circuit's decision].

*Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999).

Supreme Court Rule 13(3) governs the time to file a petition for a writ of certiorari. It states:

> The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice). But if a petition for rehearing is timely filed in the lower court, by any party, or if the lower court appropriately entertains an untimely petition for rehearing or *sua sponte* considers rehearing, the time to file the petition for writ of certiorari for all parties (whether or not they requested rehearing or joined in the petition for rehearing) runs from the date of the denial of rehearing or, if rehearing is granted, the subsequent entry of judgment.

In the instant case, the Third Circuit Court of Appeals affirmed this court's judgment by opinion dated May 3, 2011. Following the grant of two extensions, Everett filed a petition for rehearing en banc. The Third Circuit denied the petition on July 5, 2011. Thus, the 90-day period to file a petition for writ of certiorari began to run from July 5, 2011, making the certiorari deadline October 3, 2011. One year from October 3, 2011, is October 2, 2012.[1]

Everett's petition was received and file-stamped by the Clerk of Court on October 19, 2012, the envelope in which the petition was mailed is postmarked October 16, 2012, and the date written next to his signature on the petition is October 4, 2012. (*See* Doc. 67.) Pursuant to the federal prisoner mailbox rule, "a document is deemed filed on the date it is given to the prison officials for mailing." *Jenkins v. Superintendent of Laurel Highlands, et al.*, 2013 WL 150130 at n.2 (3d Cir. Jan 15, 2013) (citing *Pabon v. Mahoney*, 654 F.3d 385, 391 n.8 (3d Cir. 2011)). To benefit from this rule, however, an inmate is required to make a declaration that sets forth

---

[1] The year 2012 was a leap year containing 366 days. A year, however, "is a period consisting of either three hundred sixty-five (365) days, in the common sense, but also three hundred sixty-six (366) days, when the statutory period includes a leap year." *LaRosa v. Cove Haven, Inc.*, 840 F. Supp. 319 (M.D. Pa. 1993).

the date of deposit into the prison mail box and that first class postage has been prepaid. *Id.* Everett has failed to comply with the required affidavit.

Even if Everett had included an affidavit in compliance with the federal prisoner mail box rule that declared he handed the postage paid envelope containing the motion to prison officials on October 4, 2012, it would be two days late. Therefore, this court lack jurisdiction to consider the petition. An appropriate order will be issued.

                                                  s/Sylvia H. Rambo
                                                  United States District Judge

Dated: February 22, 2013.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA** : **CRIMINAL NO. 1:CR-09-082**
:
**v.** :
:
**JOHN EVERETT** :

# **O R D E R**

AND NOW, this 22nd day of February, 2013, **IT IS HEREBY ORDERED THAT** the motion filed pursuant to 28 U.S.C. § 2255 (Doc. 67) is dismissed for lack of jurisdiction as the petition was filed outside the time period permitted by statute.

                                                  s/Sylvia H. Rambo
                                                  United States District Judge