IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA** : **CRIMINAL NO. 1:CR-09-082**
:
**v.** :
:
**JOHN EVERETT** :

# **MEMORANDUM**

**I.**     **Background**

On October 19, 2012, the Clerk of Court received for docketing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 from Petitioner John Everett. Since Everett was a prisoner, the date of filing is deemed to be the date the petition is given to the prison officials for mailing. This court deemed the petition as untimely and dismissed the petition.

On March 19, 2013, Everett filed a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e). The motion disputes the conclusion reached by the court as to the timeliness of the filing of his § 2255 petition. Regardless of who is correct, Everett sets forth a valid argument as to why his filing should not be equitably tolled. It appears that the prison was on lock down during the relevant period for filing. He claims that, as a result of the lock down, he could not get to the mailing room and, furthermore, the copy machine was in disrepair and he could not make the extra copies required for filing.

Everett will be given the benefit of his request for equitable tolling. This court will set side the memorandum and order of February 22, 2013, dismissing the petition as untimely, and will reopen the matter for disposition on the merits of his motion filed pursuant to 28 U.S.C. § 2255.

## II. Background of Everett's Criminal Case

The factual background of Everett's criminal case is adequately set forth in the Government's response to the 2255 petition and will not be repeated here. The court will adopt the Government's background of the criminal case set forth in its brief in response to the petition. (Doc. 74 at pp. 1-3.)

Everett pled guilty to a conditional plea agreement which allowed Everett to appeal pretrial rulings. Everett did appeal and raised issues of vindictive prosecution, improper search of premises, and the unwarranted disparity between crack and powder cocaine. The court of appeals affirmed the judgment of this court. Everett's petition filed pursuant to 28 U.S.C. § 2255 contains claims of incompetency of counsel. These claims will be discussed below.

## III. Discussion

### A. Standard

A claim for ineffective assistance of counsel is evaluated under the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). The standard has two prongs. First, the petitioner must show that (1) the performance of trial counsel fell below an objective standard of reasonableness, and (2) the performance of counsel unfairly prejudiced the defense. *Id.* at 687-88, 691 (1984). The first prong requires the petitioner to show that counsel made errors "so serious that counsel was not functioning as 'counsel' guaranteed by the Sixth Amendment." *Id.* This showing can be made by demonstrating that the attorney's performance was unreasonable under prevailing norms. *United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1993). The second prong of *Strickland* requires petitioner to show that the errors were "sufficiently serious as to deprive the defendant a fair trial, a trial whose result

is liable." *Strickland*, 466 U.S. at 687. To establish prejudice, the petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *United States v. Mannio*, 212 F.3d 835, 840 (3d Cir. 2000).

Everett did not go to trial; he pled guilty pursuant to a plea agreement. A defendant has a right to effective assistance of counsel during plea negotiations. *Hill v. Lockhart*, 474 U.S. 52, 56 (1985). *See also Premo v. Moore*, __ U.S. __, 131 S. Ct. 733, 741 (2011). With these precepts in mind, the claims of Everett will be addressed.

### B. Habeas Claims

Everett claims that counsel was incompetent (1) in negotiating a plea agreement and at the plea hearing; (2) for failure to bring to the court's attention that the product involved was not crack cocaine; (3) for failure to argue the nature and quantity of the drugs involved at sentencing; (4) for failure to argue prosecutorial delay; (5) for failure to argue a *Brady* violation; and (6) for failure to argue a violation of the Tenth Amendment.

#### 1. Claims 1, 2 and 3 – Crack versus Powder Cocaine

Claims 1, 2 and 3 revolve around Everett's contention that the drug involved was powder cocaine and not crack cocaine. He takes this position based on a lab report from the Pennsylvania State Police that did not differentiate between powder cocaine and crack cocaine. He claims that, because of this lab report which only used the word "cocaine," he should not have and would not have pled to possession and possession with intent to distribute fifty grams or more of cocaine base (crack cocaine). (Doc. 67 at pp. 5-7.)

There are several factors indicating that Everett knew the drug to which he pled was crack cocaine. Police reports furnished in discovery repeatedly identified purchases and seizure of crack cocaine involving Everett. Evidence presented at the suppression hearing noted that powder cocaine was being cooked into crack cocaine on the day of seizure. (Doc. 74 at p. 8.) At arraignment on May 9, 2009, the magistrate judge advised Everett as follows:

> This indictment charges that from on or about October 15, 2008 to December 17, 2008, in Dauphin County, within the Middle District of Pennsylvania, that you, the defendant, John Everett, did intentionally and knowingly possess with the intent to distribute and did distribute 50 grams or more of cocaine base, a schedule II controlled substance, and did aid and abet in that same conduct.

(Transcript of Arraignment, Doc. 16, at p. 2.) The plea agreement also refers to 50 grams or more of cocaine base. (Doc. 45 at p. 1 (sealed).)

At the change of plea proceeding, the Government cited to the following crack cocaine buys involving Everett: October 15, 2008 – 28.7 grams; October 28, 2008 – 29.2 grams; December 7, 2007 – 14.7 grams; and November 13, 2008 – 28 grams. Everett agreed with this recitation by the Government. Furthermore, on appeal, one of Everett's issues was the disparity in sentencing between crack and powder cocaine.

Everett claims that counsel failed to argue at the sentencing hearing the disparity of the Sentencing Guideline ranges between crack and powder cocaine. This is untrue. Counsel, in his sentencing memorandum, did make this argument. (*See* Doc. 54.) Counsel also challenged the drug weights at the February 22, 2010 sentencing hearing as effectively as possible. When imposing sentence, this court varied downward one level to adjust, somewhat, for the disparity between powder and crack cocaine sentences.

4

Everett is a career offender, with three prior drug offenses. He was fully aware of the difference between crack and powder cocaine and was fully aware of the crime to which he pled. His guilty plea was knowingly and intelligently entered. All of the claims related to the issues of crack versus powder cocaine are without merit.

2. Claim 4 – Prosecutorial Misconduct

This issue was raised on appeal under the label "vindictive prosecution." Everett claims the delay between his arrest on December 17, 2008 and his federal indictment on March 4, 2009 was prejudicial. Everett does not explain the prejudice he allegedly sustained. A two and one-half month between his state arrest and a federal indictment does not amount to a substantive pre-indictment delay. To the extent that he is restating a vindictive prosecution, the Third Circuit Court of Appeals has rejected this claim. (*United States v. Everett*, 426 Fed. Appx. at 114-15.) This claim is also without merit.

3. Claim 5 – *Brady* Violation

Everett claims that the Government failed to turn over the Pennsylvania State Police lab reports on the evaluation of the drugs prior to the entry of his guilty plea and that this amounted to a violation under *Brady v. Maryland*, 373 U.S. 83, 87 (1963). He claims that had he had access to the reports, he would not have pled guilty to the crack cocaine charge and that counsel was ineffective for allowing him to plead guilty without access to the lab reports.

The court's response to this claim is covered, in part, by its response to Claims 1, 2 and 3 above. Furthermore, as the Government set forth in its supplemental response, many cases have held that *Brady* obligations do not apply in the context of a guilty plea agreement. *United States v. Ruiz,* 536 U.S. 622 (2002);

*United States v. Mathur*, 624 F.3d 498, 507 (1st Cir. 2010); *Matthew v. Johnson*, 201 F.3d 353 (5th Cir. 2000).

*Brady* evidence must be material and favorable to defendant. *Brady*, 373 U.S. at 87. There is nothing in the (assumed) belated disclosure of the lab report that would have significantly strengthened the defendant's hand in plea negotiations, even if the report had been available to him from the start, in light of the other evidence against him and his acknowledgment of the type of drug distributed.[1] This claim is also without merit.

### 4. Claim 6 – Tenth Amendment

Everett claims that the Government's action of arresting him in the county courthouse prior to his county proceedings upset the "constitutional balance between the national government and the state in violation of the Tenth Amendment." (Doc. 67 at p. 11.) The United States Court of Appeals for the Third Circuit noted that "even before any substantive steps were taken in the state court proceedings, state officials notified their federal counterparts of Everett's arrest, a federal indictment was returned, and a federal warrant was issued. His subsequent federal arrest at the county courthouse, while somewhat unusual, merely resulted in a delay in state prosecution, which the Commonwealth then moved to dismiss." (*United States v. Everett*, 426 Fed. Appx. at 114-15.) The appellate court found no problem with this course of action. The Government cites to *Bowman v. Wilson*, 672 F.2d 1145 (3d Cir. 1982), which stated that "numerous decisions have concluded that the exercise of jurisdiction over a prisoner who has violated the law of more than one sovereignty and the priority of prosecution of the prisoner is solely a question of

---

[1] It is not clear from the record whether, in fact, the lab report was not made available to defendant prior to his plea of guilty. (*See* Govt's Suppl. Response. Doc. 84 at p. 4.)

6

comity between sovereigns which is not subject to attack by the prisoner." *Id.* at 1154. Counsel cannot be considered to be ineffective for not pursuing a meritless motion for relief. Thus, this claim also fails.

**IV.     Conclusion**

All of the claims raised by Everett in this case do not rise to a level of incompetency in his counsel's performance. Because the record of this case conclusively shows that Everett is not entitled to relief, no appointment of counsel will be made and no hearing will be held. The motion filed pursuant to 28 U.S.C. § 2255 will be denied. An appropriate order will be issued.

                                                          s/Sylvia H. Rambo
                                                          United States District Judge

Dated: March 28, 2013.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA** : **CRIMINAL NO. 1:CR-09-082**
:
**v.** :
:
**JOHN EVERETT** :

# **O R D E R**

In accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT**:

1) The memorandum and order of February 22, 2013 is **VACATED**.

2) The motion filed pursuant to Rule 59(e) of the Federal Rules of Civil Procedure (Doc. 86) is **GRANTED** and this court will consider the merits of the motion filed pursuant to 28 U.S.C. § 2255.

3) The motion filed pursuant to 28 U.S.C. § 2255 is **DENIED**.

4) This court declines to issue a certificate of appealability.

5) The Clerk of Court shall close the file.

                                                  s/Sylvia H. Rambo
                                                  United States District Judge

Dated: March 28, 2013.